IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEASHELL G.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 22 C 3151 |
| v. | ) |
| | ) Magistrate Judge |
| MARTIN J. O'MALLEY, | ) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Neashell G.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [17] is denied, and the Commissioner's cross-motion for summary judgment [19] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On February 19, 2019, Plaintiff filed claims for DIB and SSI, alleging disability since March 29, 2018. An Administrative Law Judge ("ALJ") issued an unfavorable decision on November 20, 2020, but the Social Security Administration Appeals Council remanded the case to the ALJ on May 7, 2021. A telephonic remand hearing before the ALJ was held on November 17, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On November 26, 2021, the ALJ again denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Appeals Council then denied Plaintiff's request for review, leaving the ALJ's November 26, 2021 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

In the ALJ's November 26, 2021 decision, Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 29, 2018. At step two, the ALJ concluded that Plaintiff had the following

severe impairments: vision loss in the left eye; seizure disorder; asthma; degenerative joint disease of the right shoulder; alcohol abuse; and anxiety disorder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following additional limitations: should never climb ladders, ropes, or scaffolds; can only occasionally reach overhead on the right; is limited to frequent right reaching in all other directions, fingering, and handling; should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gases; should avoid concentrated exposure to poorly ventilated areas; should avoid all use or exposure to moving machinery, unprotected heights, or other hazards; can perform no work that requires depth perception; can perform no work that requires near acuity, far acuity, peripheral vision, or depth perception with the left eye, though the right eye is unrestricted; is limited to work involving simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple, work-related decisions and few, if any workplace changes; and is limited to only occasional interaction with the public, coworkers, and supervisors.

At step four, the ALJ determined that Plaintiff had no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff can perform jobs existing in

3

significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

5

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's evaluation of Plaintiff's treating psychologist's opinions was not supported by substantial evidence; (2) the ALJ's RFC finding was not supported by substantial evidence; and (3) the ALJ's symptom evaluation was not supported by substantial evidence. Each argument will be addressed below in turn.

#### A. The ALJ's Assessment of Brian Humphrey's Opinions

For her first argument, Plaintiff contends that the ALJ erred in evaluating the opinions of her treating psychologist, Brian Humphrey, PsyD. Because Plaintiff filed her claim in 2019, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20

6

C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In his decision, the ALJ assessed the treating psychologist's opinions as follows:

> The undersigned finds partially persuasive the opinions provided by the claimant's mental health treatment provider, Brian Humphrey, Psy.D. . . . Despite Dr. Humphrey's insistence that the claimant's psychological symptoms cause some marked limitations in certain abilities and other disabling limitations, Dr. Humphrey . . . primarily relied on conservative treatment modalities. There is no indication that Dr. Humphrey

7

> seriously contemplated intensive treatment modalities beyond occasional counseling and psychotropic medication. In fact, as discussed above, the claimant's various treatment providers – including Dr. Humphrey – repeatedly noted the claimant's denials of psychiatric symptoms and frequently observed that her mental health functioning was within normal limits. However, the undersigned generally agrees with Dr. Humphrey's paragraph B analysis, which shows that the claimant does not have more than moderate limitations in any domain. Therefore, the extent of Dr. Humphrey's opinions are not entirely consistent with both his clinical observation notes as well as the medical evidence of record as a whole. For these reasons, Dr. Humphrey's opinions are partially persuasive.

(R. 266 (citations omitted).)

So, in sum, the ALJ discounted the treating psychologist's opinions because they were unsupported in relation to his treatment plan and inconsistent with Plaintiff's normal mental functioning, the psychologist's clinical notes, and the medical evidence as a whole. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting the treating psychologist's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court must decline Plaintiff's invitations to reweigh the evidence in relation to the treating psychologist's opinions. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Thus, ultimately, the Court finds Plaintiff's first argument unavailing.

### B. The ALJ's RFC Determination

For her second argument, Plaintiff contends that the ALJ erred in relying on the opinions of the state agency consultants because the consultants "did not discuss any evidence of her shoulder impairment from 2020 to the present." ([17] at 8.) Plaintiff asserts that since the state agency consultants "did not review any evidence post 2019, this means the ALJ, on his own, without medical training,

8

determined that [Plaintiff] had the ability to use her dominant right upper extremity." (*Id.* at 9.) Along those lines, Plaintiff argues that "[g]iven the amount of evidence that post-dated the State agency opinions, the ALJ should have called a medical expert to offer an informed opinion." (*Id.* at 10.)

Pertinent to Plaintiff's arguments, generally, an ALJ is entitled to rely on the opinions of state agency consultants "given that they are experts in Social Security disability evaluation." *Rodolfo M. v. Kijakazi*, No. 21 C 5565, 2023 WL 264913, at \*7 (N.D. Ill. Jan. 18, 2023). Furthermore, this Court has recognized that "[i]t is common for there to be a lag between the state agency physicians' reviews and the ALJ's decision, so the fact that new medical records came in after the state agency physicians conducted their reviews, is not, by itself, problematic." *Sheila M. v. Saul*, No. 20 C 664, 2021 WL 1784775, at \*6 (N.D. Ill. May 5, 2021) (citation omitted). Generally, an ALJ must only seek an additional medical opinion if there is potentially decisive evidence that postdates the state agency consultant's opinion. The pertinent question is whether the new information "changed the picture" to an extent that the ALJ erred by continuing to rely on a medical opinion not based on the entirety of the record. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016); *see also Massaglia v. Saul*, 805 F. App'x 406, 410 (7th Cir. 2020) ("An ALJ may rely on a reviewing physician's assessment unless later evidence containing new, significant medical diagnoses 'changed the picture so much' that it reasonably could have changed the reviewing physician's opinion.") (citation omitted).

9

In this case, the Court finds that the evidence upon which Plaintiff relies did not "change the picture" to a degree that required an updated medical opinion or rendered the State agency consultants' opinions stale. As for the additional evidence, Plaintiff maintains that "[t]he medical records in 2020 indicated pain in her right arm and shoulder, with limited range of motion and ability to use that arm for daily activities, and pain throughout 2021." ([17] at 8 (citations omitted).) However, as Defendant points out, the ALJ reasonably "noted that examination findings after July 2020 showed normal (or almost normal) range of motion and strength that improved with physical therapy and injections." ([20] at 6.) And, in any event, the Court finds that records related to pain and range of motion in Plaintiff's shoulder were not the sort of potentially decisive evidence that required an updated medical opinion. Plaintiff suggests that in assessing post-2020 evidence the ALJ impermissibly "played doctor." However, the ALJ was empowered to consider the additional evidence because the job of assessing a claimant's work-related abilities lies solely with the ALJ, not a medical expert. *See Thomas v. Colvin*, 745 F. 3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is matter for the ALJ alone – not a treating or examining doctor – to decide.") (citation omitted). The Court finds that the ALJ in this case was not impermissibly "playing doctor" when he evaluated additional evidence regarding Plaintiff's shoulder. *See Armstrong v. Barnhart*, 287 F. Supp. 2d 881, 886-87 (N.D. Ill. 2003) ("Our review of the record indicates that the ALJ was not 'playing doctor,' but performing his duty to consider and weigh the evidence."). The Court finds that the

10

other contentions raised by Plaintiff under the heading of her second argument amount to impermissible requests that the Court reweigh the evidence. *See Gedatus*, 994 F.3d at 900.

C. **The ALJ's Symptom Assessment**

As an initial matter, Plaintiff opens her third argument by asserting that "[t]he ALJ made many symptom evaluation findings that were directly contradicted by the record as a whole." ([17] at 13.) Plaintiff then asserts that her "activities were indeed supportive of and consistent with her alleged symptoms and limitations." (*Id.*) These contentions, again, amount to impermissible requests that the Court reweigh the evidence. *See Gedatus*, 994 F.3d at 900. Plaintiff also suggests that – in relation to his symptom assessment – the ALJ did not appropriately consider the difficulties she experienced in performing daily activities. The Court rejects that assertion, as the ALJ fully considered Plaintiff's alleged difficulties with daily activities. The ALJ simply did not find all of Plaintiff's alleged difficulties to be credible.

With respect to the ALJ's general finding that Plaintiff's alleged symptoms were not fully credible, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Here, in his decision, the ALJ discussed and analyzed Plaintiff's alleged symptoms at length.

11

(*See* R. 258-60). The Court finds that the ALJ reasonably determined that Plaintiff's alleged symptoms were not fully corroborated. *See Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *Schrank v. Saul*, 843 F. App'x 786, 789 (7th Cir. 2021) ("[T]he ALJ's credibility determination was not 'patently wrong,' because she found [claimant] not credible for several reasons that were adequately supported by the record.") (citation omitted); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms."). Ultimately, Plaintiff has not shown that the ALJ's evaluation of her subjective symptoms was "patently wrong," as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse the Commissioner's decision [17] is denied, and the Commissioner's cross-motion for summary judgment [19] is granted.

**SO ORDERED.**                                              **ENTERED:**

**DATE:**    **November 7, 2024**

                                                    **HON. DANIEL P. McLAUGHLIN**
                                                    **United States Magistrate Judge**